# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 NOV -7  PM 3: 24

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| MICROLINC, LLC,<br>a Delaware Limited Liability Company,<br><br>    Plaintiff,<br>v.<br><br>INTEL CORPORATION,<br>a Delaware Corporation,<br><br>ACER INC.,<br>a Taiwan Corporation,<br><br>ACER AMERICA CORPORATION,<br>a California Corporation,<br><br>ADVANCED MICRO DEVICES, INC.,<br>a Delaware Corporation,<br><br>APPLE INC.,<br>a California Corporation,<br><br>DELL INC.,<br>a Delaware Corporation,<br><br>GATEWAY INC.,<br>a Delaware Corporation,<br><br>HEWLETT-PACKARD CO.,<br>a Delaware Corporation,<br><br>LENOVO GROUP LTD.,<br>a Hong Kong Corporation,<br><br>LENOVO (UNITED STATES), INC.,<br>a Delaware Corporation,<br><br>NVIDIA CORPORATION,<br>a Delaware Corporation,<br><br>SONY CORPORATION,<br>a Japan Corporation, | Civil Action No. **2-07CV-488**<br><br>**TRIAL BY JURY DEMANDED**  |

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT, INC., a Japan Corporation, | |
| SONY CORPORATION OF AMERICA, a New York Corporation, | |
| SONY ELECTRONICS INC., a Delaware Corporation, | |
| SONY COMPUTER ENTERTAINMENT AMERICA INC., a California Corporation, | |
| TOSHIBA CORP., a Japan Corporation, | |
| TOSHIBA AMERICA INC., a Delaware Corporation, | |
| TOSHIBA AMERICA INFORMATION SYSTEMS INC., a California Corporation, | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, MICROLINC, L.L.C., by its attorneys, hereby complains against Defendants INTEL CORPORATION, ACER INC., ACER AMERICA CORPORATION, ADVANCED MICRO DEVICES, INC., APPLE INC., DELL INC., GATEWAY INC., HEWLETT-PACKARD CO., LENOVO GROUP LTD., LENOVO (UNITED STATES), INC., NVIDIA CORPORATION, SONY CORPORATION, SONY COMPUTER ENTERTAINMENT, INC., SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., TOSHIBA CORP., TOSHIBA AMERICA INC., and TOSHIBA AMERICA INFORMATION SYSTEMS INC., (collectively, Defendants), as follows:

# I.

# INTRODUCTION

1.  On November 7, 1997, Gautam Kavipurapu filed for a patent application seeking protection for a novel computer architecture. Two years later, on December 28, 1999, United States Patent No. 6,009,488 ("the '488 patent") issued and was assigned to Microlinc LLC ("MICROLINC"). The '488 patent discloses the use of a packet-based data channel in lieu of a traditional microcomputer bus, with the object of improving communication speed within a personal computer. The '488 patent also discloses a number of implementation specific improvements, including hardware elements to implement the data channel and a packet protocol for use with the data channel.

2.  Sometime after the filing date of the '488 patent, Intel Corporation ("INTEL") began development of its PCI Express technology. The PCI Express technology is a serial interconnect technology designed to more efficiently connect integrated peripherals on a computer's motherboard. Several years after the '488 patent issued, during or before October 2003, representatives of INTEL raised the possibility of acquiring the '488 patent with Kavipurapu. At the time of these discussions, INTEL knew that its PCI Express technology infringed valid claims of the '488 patent. As the parties could not come to agreement, all communications between INTEL and Kavipurapu regarding the '488 patent ceased in or around July 2004. In the summer of 2004, INTEL began marketing its new PCI Express architecture without licensing the '488 patent. INTEL's willful infringement of the '488 patent continues to this day.

3.  On November 10, 2005, MICROLINC filed suit in the United States District Court for the Eastern District of Texas, Marshal Division, against INTEL and other defendants for infringement of the '488 patent (Civil Action No. 2-05-CV-514).

("the previous lawsuit"). Subsequently, INTEL introduced references which it argued would anticipate and/or render obvious some or all of the claims of the '488 patent. To dispense with these new references, MICROLINC decided to have its '488 patent reexamined by the United States Patent and Trademark Office and dismissed INTEL and all other defendants from the previous lawsuit on February 20, 2006

4. Independent of MICROLINC's own request for reexamination, INTEL filed its own *ex parte* reexamination request. These reexaminations were merged on October 12, 2007, and on October 29, 2007, the United States Patent and Trademark Office issued a non-final Office Action confirming the patentability of claims 10 and 13 of the '488 patent over all prior art of record

5. MICROLINC now comes before this Court, seeking relief from INTEL's willful trespass on MICROLINC's exclusive patent rights

## II.

## PARTIES

6. Plaintiff MICROLINC, LLC ("MICROLINC"), is a Delaware Limited Liability Company with a place of business in Plano, Texas.

7. On information and belief, Defendant INTEL CORPORATION ("INTEL") is a corporation established under the laws of the state of Delaware, with its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95052

8. On information and belief, Defendant ACER INC. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 7F, No. 137, Sec. 2, Chien Kuo N. Road, Taipei, Taiwan, R.O.C. On

information and belief, Defendant ACER AMERICA CORP. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 333 West San Carlos Street, Suite 1500, San Jose, California 95110. ACER INC. and ACER AMERICA CORP. will be collectively referred to as "ACER."

9. On information and belief, Defendant ADVANCED MICRO DEVICES, INC. ("AMD") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at One AMD Place, Sunnyvale, California, 94088.

10. On information and belief, Defendant APPLE INC ("APPLE") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

11. On information and belief, Defendant DELL INC. ("DELL") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Dell Way, Round Rock, Texas 78682.

12. On information and belief, Defendant GATEWAY INC. ("GATEWAY") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7565 Irvine Center Drive, Irvine, California 92618.

13. On information and belief, Defendant HEWLETT-PACKARD CO ("HP") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3000 Hanover Street, Palo Alto, California 94304.

14. On information and belief, Defendant LENOVO GROUP LTD. is a foreign corporation organized and existing under the laws of Hong Kong, with its principal place of business located at 1009 Think Place, Morrisville, North Carolina

27560. On information and belief, Defendant LENOVO (UNITED STATES) INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560. LENOVO GROUP LTD. and LENOVO (UNITED STATES) INC. will be collectively referred to as "LENOVO."

15. On information and belief, Defendant NVIDIA CORPORATION ("NVIDIA") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 2701 San Tomas Expressway, Santa Clara, California, 95050.

16. On information and belief, Defendant SONY CORPORATION is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. On information and belief, Defendant SONY COMPUTER ENTERTAINMENT INC. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 2-6-21 Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan. On information and belief, SONY CORPORATION OF AMERICA is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 550 Madison Avenue, New York, New York, 10022. On information and belief, Defendant SONY ELECTRONICS INC., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Sony Drive, Park Ridge, New Jersey, 07656. On information and belief, Defendant SONY COMPUTER ENTERTAINMENT AMERICA INC., is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 919 East Hillsdale Boulevard,

2nd Floor, Foster City, California 94404. SONY CORPORATION, SONY COMPUTER ENTERTAINMENT INC., SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC. and SONY COMPUTER ENTERTAINMENT AMERICA INC. will be collectively referred to as "SONY."

17.  On information and belief, Defendant TOSHIBA CORP. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. On information and belief, Defendant TOSHIBA AMERICA, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1251 Avenue of the Americas Suite 4110, New York, New York 10020. On information and belief, Defendant TOSHIBA AMERICA INFORMATION SYSTEMS, INC. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9740 Irvine Boulevard, Irvine, California 92618. TOSHIBA CORP., TOSHIBA AMERICA, INC. and TOSHIBA AMERICA INFORMATION SYSTEMS, INC. will be collectively referred to as "TOSHIBA."

### III.

### JURISDICTION AND VENUE

18.  This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.* This Court has personal jurisdiction over Defendants because each has committed acts giving rise to this action within Texas and this judicial district and has established minimum contacts within the forum such that the exercise of

jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

19.     Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within this judicial district giving rise to this action, and each Defendant "resides" in this District as it is subject to personal jurisdiction in this District. Venue is also appropriate because Defendants do business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels.

## IV.

## CLAIMS

20.     MICROLINC realleges and incorporates by reference the allegations set forth in Paragraphs 1-19 above as if fully set forth herein.

21.     On December 28, 1999, United States Patent Number 6,009,488 (the '488 patent), was duly and lawfully issued for an invention entitled "Computer Having Packet-Based Interconnect Channel" to Gautam Kavipurapu. At issuance, MICROLINC owned, by assignment, the '488 patent and continues to hold the right to sue and recover for past, present, and future infringement thereof. A true and correct copy of the '488 patent as issued is attached hereto as Exhibit A.

22.     The '488 patent discloses and claims pioneering inventions in the field of high performance packet-based interconnects between microprocessors and peripheral devices including; 1) mass storage devices, 2) input / output devices, and 3) devices with random access memory.

23.  INTEL is engaged in the business of manufacturing, assembling and selling chips and/or chipsets and motherboards which are used by INTEL's customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, a substantial portion of which incorporate a packet-based data channel between a microprocessor and various peripherals.

24.  INTEL, on information and belief, had knowledge of the '488 patent since at least October 2003.

25.  INTEL, on information and belief, has known since at least October 2003 that its PCI Express technology infringed valid claims of the '488 patent.

26.  INTEL contributed to the infringement of the '488 patent by manufacturing, assembling and selling chips and/or chipsets and motherboards for use by its customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations with structures that are covered by and claimed in the '488 patent in violation of 35 U.S.C. §271.

27.  INTEL actively induced and continues to induce the infringement of the '488 patent by distributing PCI-EXPRESS reference literature, such as, for example, the "PCI Express Architecture Initiative Overview," which encourages and teaches the creation of computer systems that infringe the '488 patent.

28.  INTEL's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from INTEL the damages sustained by MICROLINC as a result of its infringement of the '488 patent. INTEL's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

29. ACER is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

30. ACER has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

31. ACER's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from ACER the damages sustained by MICROLINC as a result of its infringement of the '488 patent. ACER's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

32. AMD is engaged in the business of manufacturing, assembling and selling microprocessors, chips and/or chipsets which are used by AMD's cusotmers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, a substantial portion of which incorporate a packet-based data channel between a microprocessor and various peripherals.

33. AMD contributed to the infringement of the '488 patent by manufacturing, assembling and selling chips and/or chipsets and motherboards for use by its customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations with structures that are covered by and claimed in the '488 patent in violation of 35 U.S.C. §271.

34. AMD actively induced and continues to induce the infringement of the '488 patent by distributing reference literature, such as, for example, the "Builder's

Guide for AMD Athlon 64 Processor-Based Desktops and Workstations," which encourages and teaches the creation of computer systems that infringe the '488 patent.

35   AMD's acts of infringement have caused damage to MICROLINC  Under 35 U.S.C § 284, MICROLINC is entitled to recover from AMD the damages sustained by MICROLINC as a result of its infringement of the '488 patent  AMD's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C § 283

36   APPLE is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals

37   APPLE has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent

38   APPLE's acts of infringement have caused damage to MICROLINC Under 35 U.S.C. § 284, MICROLINC is entitled to recover from APPLE the damages sustained by MICROLINC as a result of its infringement of the '488 patent. APPLE's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U S C § 283

39   DELL is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

40. DELL has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

41. DELL's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from DELL the damages sustained by MICROLINC as a result of its infringement of the '488 patent. DELL's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

42. GATEWAY is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

43. GATEWAY has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

44. GATEWAY's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from GATEWAY the damages sustained by MICROLINC as a result of its infringement of the '488 patent. GATEWAY's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

45. HP is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

46. HP has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

47. HP's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from HP the damages sustained by MICROLINC as a result of its infringement of the '488 patent. HP's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

48. LENOVO is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

49. LENOVO has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

50. LENOVO's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from LENOVO the damages sustained by MICROLINC as a result of its infringement of the '488 patent. LENOVO's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

51. NVIDIA is engaged in the business of manufacturing, assembling and selling chips and/or chipsets which incorporate packet-based data channels, commonly known as HyperTransport or PCI-EXPRESS, for connection with a microprocessor

and/or various peripherals, where the aforementioned chips and/or chipsets are used by customers of NVIDIA in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations.

52.     NVIDIA actively induced and continues to induce infringement of the '488 patent by its manufacture, sale, importation, and/or offer for sale of chips and/or chipsets which enable the creation of computer systems that infringe the '488 patent.

53.     NVIDIA's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from NVIDIA the damages sustained by MICROLINC as a result of its infringement of the '488 patent. NVIDIA's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

54.     SONY is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

55.     SONY has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

56.     SONY's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from SONY the damages sustained by MICROLINC as a result of its infringement of the '488 patent. SONY's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

57. TOSHIBA is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals.

58. TOSHIBA has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent.

59. TOSHIBA's acts of infringement have caused damage to MICROLINC. Under 35 U.S.C. § 284, MICROLINC is entitled to recover from TOSHIBA the damages sustained by MICROLINC as a result of its infringement of the '488 patent. TOSHIBA's infringement on MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

60. On information and belief, infringement by at least INTEL of the '488 patent is willful and deliberate, entitling MICROLINC to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

V.

**PRAYER FOR RELIEF**

WHEREFORE, MICROLINC respectfully requests that this Court enter judgment against Defendants INTEL CORPORATION, ACER INC., ACER AMERICA CORPORATION, ADVANCED MICRO DEVICES, INC., APPLE INC., DELL INC., GATEWAY INC., HEWLETT-PACKARD CO., LENOVO GROUP LTD., LENOVO (UNITED STATES), INC., NVIDIA CORPORATION, SONY CORPORATION, SONY COMPUTER ENTERTAINMENT, INC., SONY CORPORATION OF AMERICA,

SONY ELECTRONICS INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., TOSHIBA CORP., TOSHIBA AMERICA INC., and TOSHIBA AMERICA INFORMATION SYSTEMS INC., as follows:

(a) for declaration that United States Patent No. 6,009,488 is good and valid in law;

(b) for judgment that Defendants have infringed and continue to infringe the '488 patent;

(c) for preliminary and permanent injunctions under 35 U.S.C. 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants enjoining any further acts of infringement of the '488 patent;

(d) for damages to be paid by Defendants adequate to compensate MICROLINC for their infringement, including interest, costs and disbursements as justified under 35 U.S.C. 284, including enhanced damages pursuant to 35 U.S.C. §284 for willful and deliberate infringement, to MICROLINC, together with prejudgment and post-judgment interest, in an amount according to proof;

(e) for judgment finding this to be an exceptional case, and awarding MICROLINC attorney fees under 35 U.S.C. 285; and

(f) for such further relief at law and in equity as the Court may deem just and proper.

## VI.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff MICROLINC hereby demands a jury trial on all issues triable by jury

Dated: November 7, 2007					Respectfully submitted,

By: *S. Calvin Capshaw*
S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
BROWN MCCARROLL LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@mailbmc.com
E-mail: ederieux@mailbmc.com

ATTORNEYS FOR MICROLINC, LLC

OF COUNSEL:

Otis W. Carroll
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
(903) 561-1600 Telephone
(903) 581-1071 Facsimile
E-mail: nancy@icklaw.com

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC
201 West Houston Street
P O Drawer 1249
Marshall, Texas 75671-1249
(903) 938-4395 Telephone
(903) 938-3360 Facsimile
E-mail: maizieh@millerfirm.com

Joseph M. Vanek
State Bar No 06197046
Thomas A. Vickers
David P. Germaine
State Bar No. 06274984
Jeffrey R. Moran
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
State Bar No. 556394
David M. Mundt
State Bar No. 6243545
David Lesht
State Bar No. 6180985
Martin Goering
State Bar No. 6286254
Konrad V. Sherinian
State Bar No 6290749
Panasarn Aim Jirut
State Bar No. 6281877
COOK, ALEX, MCFARRON, MANZO, CUMMINGS & MEHLER
(312) 419-0800 Telephone
(312) 419-0703 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: erynne@emcpc.com