IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MICROLINC, LLC,<br>    Plaintiff,<br><br>v.<br><br>INTEL ET. AL,<br>    Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2-07-CV-488 (TJW)<br>§<br>§<br>§<br>§<br>§<br>§ |

**<u>ORDER</u>**

Before the court is Defendants' Motion For Stay to Ensure a Single Trial on the '488 patent (Dkt. No. 111) (the "Motion"). For the following reasons, the court GRANTS the Motion.

The court has discretion to stay a case pending reexamination proceedings. In determining whether to grant a stay, the court considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *See, e.g., Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660 (E.D. Tex. 2005).

This case presents an exceptional set of circumstances warranting a stay. On November 10, 2005, Microlinc filed a complaint in the Eastern District of Texas against many of the same defendants in this suit. *See Microlinc, L.L.C. v. Acer Am. Corp., et al.*, Civil Action No. 2:05 CV 514. Shortly thereafter Microlinc dismissed the suit and submitted the only asserted patent for

reexamination to the United States Patent Office. Microlinc filed its Request for *Ex Parte* Reexamination of all claims of the '488 patent on June 30, 2006. The PTO agreed to reexamine the patent on August 22, 2006. Defendant Intel filed a separate Request for *Ex Parte* Reexamination, which was merged with Microlinc's. On October 29, 2007, the PTO rejected nine out of the ten claims Microlinc asserted in the original suit. Microlinc then filed this suit on November 7, 2007, while the patent was still in reexamination. Microlinc has since submitted numerous additional claims for consideration in the reexamination. Currently, after several non-final office actions, only one claim stands not rejected.

Clearly not staying this case in light of the state of the reexamination would unduly prejudice the non-moving party. This is not the typical case where a defendant puts the asserted patent in reexamination for a tactical reasons. Here, the plaintiff put the patent in reexamination and *then* filed this suit. The defendants' concerns about being subjected to another suit involving the same patent after the reexamination is justified.

There has been no discovery in this case to date. Additionally, it is not wholly speculative that the reexamination will simplify the trial in this case. If anything, proceeding with this suit while the patent is in reexamination would confuse issues by forcing the parties to engage in discovery while the plaintiff is prosecuting new claims at the PTO.

The relevant factors in this case favor granting the Motion. For these reasons, the court GRANTS the Motion.

SIGNED this 16th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE