**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MICROLINC, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 2:07-cv-00488 (TJW) |
| | § | |
| INTEL CORPORATION, ACER, INC., | § | **JURY DEMANDED** |
| ACER AMERICA CORPORATION, | § | |
| ADVANCED MICRO DEVICES, INC., | § | |
| APPLE, INC., DELL, INC., GATEWAY, | § | |
| INC., HEWLETT-PACKARD COMPANY, | § | |
| LENOVO GROUP, LTD, LENOVO | § | |
| (UNITED STATES), INC., NVIDIA | § | |
| CORPORATION, SONY COMPUTER | § | |
| ENTERTAINMENT AMERICA INC., | § | |
| TOSHIBA CORPORATION, TOSHIBA | § | |
| AMERICA INC., and TOSHIBA | § | |
| AMERICA INFORMATION | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

A.     **Definitions**

1.     "Party":  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.      "Material":  all information, testimony, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.      "Hardware Description Language" or "HDL":  Hardware Description Language is a human-readable high level language that describes the behavior, structure, and design of electronic circuits, and is stored and processed in readable and editable source code computer files (normally in ASCII format). VHDL and Verilog are examples of HDLs.  An HDL includes various levels of abstraction, for example, Behavioral Level, Register Transfer Level (RTL), Gate Level, and Switch Level. A single design in an HDL may include descriptions using different levels of abstraction.

4.      "HDL Source Code":  HDL Source Code refers to a computer file or set of files that contain electronic hardware descriptions in a Hardware Description Language, such as Verilog or VHDL or other.  HDL Source Code is in a human-readable format suitable for editing and processing by compilers, simulators, and other data processing to produce a netlist.

5.      "RTL":  RTL or "Register Transfer Level," also often called  "Dataflow Level" is a level of description in a human-readable HDL that describes a hardware circuit in terms of registers and the flow and processing of data between them.  RTL is described as a mixture of Behavioral and Dataflow descriptions.

6.      "Microcode":  Microcode is a general term that is often used to refer to either software and firmware code, HDL code, or proprietary code that is embedded in a larger design such as a CPU.  As used herein, it refers to any type of code.

7.      "Software Source Code":  As used herein, the term "Software Source Code" or equivalently "Firmware Source Code" means computer instructions and data definitions

expressed in a human-readable form suitable for input to an assembler, compiler, interpreter, other translator or other data processing module.

8.      "Object Code":  The term "Object Code" means computer instructions and data definitions expressed in a form suitable for execution on a computer (a running program).

9.      "Source Code":  As used herein, the term "Source Code" refers to Software Source Code, Microcode, RTL and HDL Source Code.

10.     "CONFIDENTIAL Material":  information, documents, and things the Designating Party believes in good faith comprises or includes confidential, proprietary and/or trade secrets or other confidential research, development, or sensitive commercial information that is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

11.     "ATTORNEYS' EYES ONLY Material":  information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

12.     "OUTSIDE COUNSEL RESTRICTED Material":  Material meeting the requirements for ATTORNEYS EYES ONLY Material, as set forth in Paragraph 13 above, which the Designating Party reasonably believes contains such highly sensitive information that

its disclosure to any employees of any Party, including Litigation Managers, would present a substantial risk of harm to the competitive position of the Designating Party.

The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

This designation includes Source Code that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  This designation also includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing.  OUTSIDE COUNSEL RESTRICTED Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.  The parties may designate confidential technical information as Outside Counsel Restricted Material to prevent its disclosure to Litigation Managers of the other parties.

4

13.     "Encrypted":  encrypted using PGP® encryption, with a passphrase of at least 20 characters in length and using the Advanced Encryption Standard (AES) cipher option, unless a Designating Party indicates that its materials may be encrypted using other private-key encryption techniques, in which case a Receiving Party may, but is not required to, use such other techniques with respect to that Designating Party's materials.  Where encryption is required for transmission of a document by electronic means, the encryption must also be end-to-end (*i.e.*, the received document must be Encrypted when received on the recipient's computer.  Nothing in this Protective Order, however, shall require Designated Material hosted by a Professional Vendor to be Encrypted pursuant to this paragraph when viewed by an authenticated authorized recipient over a secure (end-to-end), encrypted Internet connection.

14.     "Producing Party": a Party or non-party that produces Material in this action.

15.     "Receiving Party": a Party that receives Material from a Producing Party.

16.     "Designated Material": Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED" under this Order.

17.     "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or  "OUTSIDE COUNSEL RESTRICTED".

18.     "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe

testimony in connection with this action, or (iv) a Mediator(s) appointed by the Court and his or her partners, associates, and employees to whom it is reasonably necessary to disclose the information for this litigation.

19.    "Litigation Manager": an individual who is an employee in a legal department of a Party named in the original Complaint in this action or a subsequently added Party (including supporting personnel employed by the legal department of such Party, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters), whose responsibilities include overseeing this litigation, and who from the date of entry of this Protective Order through a period of one year following either (a) the complete resolution of the litigation through entry of a final, non-appealable judgment or for which appeal has been exhausted, or (b) complete settlement of all claims against the Party who designated the Litigation Manager, shall be subject to the PROSECUTION BAR if the Litigation Manager(s) receives any Material labeled "SUBJECT TO PROSECUTION BAR" as provided for in Section G below.

Each Party may designate a maximum of three Litigation Managers.  A Party may designate a person as a Litigation Manager by having the person sign the "Litigation Manager Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit C and serving that document on all Parties.  If necessary, a Party may replace a designated Litigation Manager with a new Litigation Manager by serving the appropriate undertakings described in Paragraphs 23 (c) and (d).  In this event, the replaced Litigation Manager shall destroy all designated materials in his or her possession or return them to Counsel of Record for the Party and shall no longer be permitted to receive designated materials as a Litigation Manager pursuant to this Protective Order.

To the extent any Defendant designates a Litigation Manager who is not an employee of a current Party to this action, such Litigation Manager shall not receive any Designated Material of another Defendant based on his/her status as a Litigation Manager pursuant to this Protective Order.

20.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or a competitor of a party, who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a party.

21.     "Professional Vendors": persons or entities located in the United States that provide litigation support services (*e.g.,* photocopying; organizing, storing, or retrieval of data in any form or medium; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Scope**

22.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines provided in the Docket Control Order and Discovery Order.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any

other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil

Procedure, the Rules of Practice for Patent Cases before the Honorable T. John Ward, United

States District Court for the Eastern District of Texas (cited as "P.R."), and the Court's deadlines

provided in the Docket Control Order and Discovery Order.

### C.   Access To Designated Material

23.   **CONFIDENTIAL Material:**  Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information,

document or thing designated "CONFIDENTIAL" only to:

(a)   employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)   persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)   Counsel of Record;

(d)   Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit C;

(e)   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)   witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g)   the Court and its personnel;

(h)   any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(i)     court reporters; and

(j)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

24.    **ATTORNEYS' EYES ONLY Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated ATTORNEYS' EYES ONLY Material only to the following in addition to those identified in Paragraph 29 below regarding use of Designated Material at depositions:

(a)     persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record;

(c)     Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit C.

Under this section, disclosure of Defendants' Attorneys Eyes Only material may be made to Microlinc's Litigation Managers, and disclosures of Microlinc's Attorneys Eyes Only material may be made to Defendants' Litigation Managers.  Disclosure of Defendants' Attorneys Eyes Only material, however, shall not be allowed to be made to any other Defendant's Litigation Managers under this section, except as provided in Paragraphs 33.

(d)     Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order, and that any Party wishing to use such material to examine persons that are not currently employed by the Producing Party gives reasonable notice to the Producing Party's counsel prior to showing such material to the witness.  If the Producing Party objects to the use of the material, Counsel wishing to use the material must first obtain leave of Court.  Counsel for the Producing Party that receives notice under this paragraph agrees not to disclose the examining Party's intent to use the material to any Party or person that counsel does not represent.  Absent exceptional circumstances, the term "reasonable notice," as used in this

9

paragraph, shall mean at least two (2) business days prior to the start of the deposition;

(e)   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)   the Court and its personnel;

(g)   any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(h)   court reporters;

(i)   Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(j)   any other person with the prior written consent of the Producing Party (and, if not the same person or entity, the Designating Party).

25.   To the extent that any CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, or any summaries of such Material, is transmitted from or to authorized recipients outside of the Receiving Party's Counsel of Record's office, the transmission shall be Encrypted if the material is in electronic format (*e.g.*, PDF, TIFF, Word, or Excel files).  Transmission of CONFIDENTIAL or ATTORNEYS' EYES ONLY Material (regardless whether in paper or Encyrpted electronic format) shall be only (a) by hand delivery in sealed envelopes or containers, (b) by outside counsel of record or by a secure transport carrier (*e.g.*, Federal Express) in sealed envelopes or containers, or (c) by e-mail sent directly to an authorized recipient.  No Party shall reproduce documents or portions or summaries of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the text of an unencrypted e-mail, but must send such information in an Encrypted attachment.  To the extent that any CONFIDENTIAL or

10

ATTORNEYS' EYES ONLY Material is stored on any portable computer or portable electronic medium, it also must be Encrypted.

      26.    **OUTSIDE COUNSEL RESTRICTED Material:**  OUTSIDE COUNSEL RESTRICTED Material shall be clearly identified with the name of the Party or Parties permitted to access such Material, for example, "OUTSIDE COUNSEL RESTRICTED – MICROLINC COUNSEL ONLY."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, OUTSIDE COUNSEL RESTRICTED Material shall not be disclosed, directly or indirectly, to anyone except the following (in addition to those identified in Paragraphs 36-37 below regarding use of Designated Material at depositions):

    (a)    Persons who appear on the face of Designated Material as an author, addressee or recipient thereof, provided that any such person who is not under a present non-disclosure agreement with the Producing Party (and, if not the same person or entity, with the Designating Party) that covers that document must first sign Exhibit A before viewing the material and that any viewing must occur in the offices of Counsel of Record for the Receiving Party that is showing the material to the person;

    (b)    Outside Counsel of Record;

    (c)    Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order, and that any Party wishing to use such material to examine persons that are not currently employed by the Producing Party, or are a designated 30(b)(6) witness of the Producing Party, or an expert witness of the producing party; gives reasonable notice to the Producing Party's counsel prior to showing such material to the witness.  If the Producing Party objects to the use of the material, Counsel wishing to use the material must first obtain leave of Court.  Counsel for the Producing Party that receives notice under this paragraph agrees not to disclose the examining Party's intent to use the material to any Party or person that counsel does not represent.  Absent exceptional circumstances, the term "reasonable notice," as used in this paragraph, shall mean at least two (2) business days prior to the start of the deposition;

    (d)    Outside Consultants, subject to the provisions and limitations set forth in Section D herein;

(e)     court reporters;

(f)     The Court and its personnel;

(g)     Professional Vendors to which disclosure is reasonably necessary for this litigation; and

(g)     Any other person with the prior written consent of the Producing Party (and, if not the same person or entity, the Designating Party).

To the extent that any OUTSIDE COUNSEL RESTRICTED Material is transmitted from or to authorized recipients outside of the Receiving Party's Counsel of Record's office, the transmission shall be by hand or by a secure transport carrier (*e.g.*, Federal Express) (and Encrypted if the Material is in electronic format).

27.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Material is disclosed to him or her.  Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

28.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. However, persons not permitted access to Designated Material under the terms of this Protective Order shall be allowed to be present during all portions of depositions that do not pertain to the Designating Party's Designated Material, even if such Designated Material is or was discussed during other portions of that same deposition.  Pre-trial and trial proceedings shall be conducted

12

in a manner, subject to the supervision of the Court, to protect Designated Material from

disclosure to persons not authorized to have access to such Material

### D.    <u>Access By Outside Consultants</u>

29.    Outside consultants or experts (i.e., not existing employees or affiliates of a Party

or an affiliate of a Party) retained for the purpose of this litigation, provided that:

(1)    such consultants or experts are not presently employed by the Parties hereto for

purposes other than this Action;

(2)    before access is given, the consultant or expert has completed the Undertaking

attached as Exhibit A hereto and the same is served upon the producing Party

with:

(a)    a current curriculum vitae of the consultant or expert;

(b)    any current or past (within the last four years) professional relationship

with any of the parties; and

(c)    a list of other cases in which the individual has testified (at trial or

deposition) within the last four years.

At least five (5) days before access to the Protected Material is to be given to that consultant or

expert, the party proposing the consultant or expert shall provide the above information to give

the producing party the opportunity to object to and notify the receiving Party in writing that it

objects to disclosure of Protected Material to the consultant or expert. The Parties agree to

promptly confer and use good faith to resolve any such objection. If the Parties are unable to

resolve any objection, the objecting Party may file a motion with the Court within fifteen (15)

days of the  notice, or within such other time as the Parties may agree, seeking a protective order

with respect to the proposed disclosure. The objecting Party shall have the burden of proving the

need for a protective order. No disclosure shall occur until all such objections are resolved by

agreement or Court order.

### E.   Production of Software Source Code Material

30.   For purposes of this Protective Order, "Source Code" is defined in Paragraph 9 above.

For Protected Material designated "OUTSIDE COUNSEL RESTRICTED – SUBJECT TO

PROSECTUION BAR", the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)   Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the

(Continued…)

affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph (k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or

---

outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph (e) above to another person authorized under paragraph (e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph (j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

### F.    <u>Financial Summaries</u>

31.    For the mutual convenience of the Parties, Defendants may generate certain financial summaries for the purpose of this litigation. To the extent Defendants produce such financial summaries in a digital format (*e.g.*, PDF, TIFF, Word file). All such financial summaries are to be designated OUTSIDE COUNSEL RESTRICTED, and to the extent that any such financial summaries are transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, the transmission shall be by hand or by a secure transport carrier (e.g., Federal Express).

### G.    <u>Prosecution Bar</u>

32.    Defendants may designate and label Material as "SUBJECT TO PROSECUTION BAR" if it is also appropriately labeled "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED."

33.    Any attorney representing a Party, whether in house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who

obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's

HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or

assist in the preparation or prosecution of any patent application pertaining to the field of the

invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor,

predecessor, or other affiliate during the pendency of this Action and for one year after its

conclusion, including any appeals.  However, an attorney or any person associated with a party

who reviews HIGHLY SENSITIVE MATERIAL may participate in a reexamination proceeding

to defend the validity of a challenged patent, but may not participate in the crafting of amended

claims.

 To ensure compliance with the purpose of this provision, each Party shall create an

"Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and

any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other

affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent

application pertaining to the field of invention of the patent-in-suit. In accordance with this

provision, Eugene M. Cummings will not review or have access to any HIGHLY SENSITIVE

MATERIAL nor will any HIGHLY SENSITIVE MATERIAL be disclosed to him by plaintiff or

plaintiff's counsel, and Eugene M. Cummings will control prosecution of any reexamination

proceeding presently pending or brought in the future against the patent in-suit.  Konrad V.

Sherinian, counsel of record for Plaintiff, will review HIGHLY SENSITIVE MATERIAL and

will participate in defending the validity of the patent-in-suit, but will not participate in the

crafting of new claims regarding the patent-in-suit.

**H.**     **Use Of Designated Material**

34.     **Use Of Designated Material By Receiving Party.**  Unless otherwise ordered by

the Court or agreed to in writing by the Parties, all Designated Material and all information

derived therefrom shall be used by the Receiving Party only for purposes of this litigation and

shall not be used in any other way whatsoever.  Information contained or reflected in Designated

Materials shall not be disclosed in conversations, presentations (by parties, counsel, vendors,

experts, consultants, or otherwise), in court or in other settings that might reveal Designated

Material, except in accordance with the terms of this Order.

35.     **Use Of Designated Material By Designating Party.**  Nothing in this Order shall

limit any Designating Party's use of its own documents and information, nor shall it prevent the

Designating Party from disclosing its own confidential information, documents or things to any

person.  Such disclosure shall not affect any designations made pursuant to the terms of this

Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the

confidentiality of the information.

36.     **Use Of Designated Material at Depositions (I).**  Except as may be otherwise

ordered by the Court, and consistent with paragraphs 23-25 of this Protective Order, any person

may be examined as a witness at depositions and trial and may testify concerning all Designated

Material of which such person has prior knowledge.  Without in any way limiting the generality

of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness,

and/or Outside Consultant of a Producing Party may be examined and may testify concerning all

Designated Material that has been produced by that Party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has prior knowledge, which has been produced by that Party and which pertains to the period or periods of his or her prior employment with the Party.

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party (and, if not the same person or entity, the Designating Party) consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

37.     **Use Of Designated Material at Depositions (II).**  A witness who previously had access to a document designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or

"OUTSIDE COUNSEL RESTRICTED" but who is not under a present non-disclosure

agreement with the Producing Party (and, if not the same person or entity, the Designating Party)

that covers that document, may be shown the document if the witness is advised on the record of

the existence of the Protective Order and that the protective order requires the parties to keep

confidential any questions, testimony or documents that are designated as "CONFIDENTIAL",

"ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED".  Such witnesses

may not copy, take notes on or retain copies of any Designated Material used or reviewed at the

deposition.  Such witness may not take out of the deposition room any exhibit that is marked

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

RESTRICTED".  The Producing Party (and, if not the same person or entity, the Designating

Party) of any Designated Material used at the deposition may also require that the transcript and

exhibits not be copied by such witness or his counsel, that no notes may be made of the transcript

or the exhibits, and that the transcript and exhibits may only be reviewed by such witness in the

offices of counsel representing a Party in this case (or another firm acting for counsel

representing a Party in his case and under the supervision of one of the lawyers who is bound by

the terms of this Order).

## I.   Procedure for Designating Materials

Subject to the limitations set forth in this Order, (a) a Designating Party may designate as

"CONFIDENTIAL" information the Designating Party believes in good faith meets the

definition set forth in Paragraph 10 above; (b) a Designating Party may designate as

"ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets

the definition set forth in Paragraph 11 above; (c) a Designating Party may designate as

"OUTSIDE COUNSEL RESTRICTED" information the Designating Party believes in good

faith meets the definition set forth in Paragraph 12 above; and (d), a Designating Party may

designate as "SUBJECT TO PROSECUTION BAR" information the Designating Party believes

in good faith meets the definition set forth in Paragraph 33 above.

38.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of

depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL

RESTRICTED" and, if appropriate, "SUBJECT TO PROSECUTION BAR", on each page that

contains Designated Material.  For documents produced in native format, the legend shall be

placed in the filename of each document or otherwise clearly designated.

(b)     For testimony given in deposition or in other pretrial or trial proceedings

(in this and in other actions, as applicable), the Designating Party shall specify any portions of

the testimony that it wishes to designate as "CONFIDENTIAL", "ATTORNEYS' EYES

ONLY", or "OUTSIDE COUNSEL RESTRICTED" and, if appropriate, "SUBJECT TO

PROSECUTION BAR".  In the case of depositions, the Designating Party may also designate

any portion of a deposition transcript as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY",

or "OUTSIDE COUNSEL RESTRICTED" and, if appropriate, "SUBJECT TO PROSECUTION

BAR", by informing the reporter and all Parties in writing within thirty (30) calendar days of

completion of the deposition of the designations to be applied.  All deposition transcripts not

marked during the deposition will nonetheless be treated as "OUTSIDE COUNSEL

RESTRICTED" until the thirty (30) day period has expired.  Transcript pages containing

Designated Material must be separately bound by the court reporter, who must affix to the top of

each such page the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE

COUNSEL RESTRICTED", as instructed by the Designating Party.  The Parties will work together reasonably to attempt to reach an agreeable arrangement for making such designations and/or objections to exhibits, testimony, and other Material used during any pre-trial proceedings and during the trial of this case.  The parties will advise the Court at the Pre-Trial Conference or other appropriate time as to a proposal to designate and/or object to the designation of exhibits, testimony, and/or other Material used during any pre-trial proceedings and during the trial of this case and seek approval and/or clarification from the Court as to the manner in which the Court wants the Parties to proceed.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED" and if appropriate, "SUBJECT TO PROSECUTION BAR".

## J.      No Waiver of Privilege

39.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or, work product immunity or any other applicable privilege or immunity from discovery if after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work product immunity, and/or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return any and all copies of such inadvertently produced document(s), including retrieving and returning any and all copies distributed to others (*e.g.*, experts, consultants, vendors).  Nothing

herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court; however, the fact of the inadvertent production of the document(s) may not be used as a basis for such challenge.  A Receiving Party may not retain any copies of any inadvertently produced document for any purpose, including the purpose of challenging the propriety of the attorney-client privilege, work product immunity and/or other applicable privilege or immunity designation; however, the Producing Party must add the document to a privilege log.

### K.   Inadvertent Failure To Designate

40.     An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", "OUTSIDE COUNSEL RESTRICTED," or "SUBJECT TO PROSECUTION BAR" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material.  Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED" and if appropriate, "SUBJECT TO PROSECUTION BAR".  Upon receipt of such notice, the Receiving Party must make all reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.  Any Receiving Party will also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the Receiving Party of the inadvertent failure to designate and who is no longer permitted to access the documents under the new designation.

### L.   Filing Designated Material

41.     Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material, but must file such Designated Material under seal in conformance with the Court's rules and procedures.

### M.   Challenges to Confidentiality Designations

42.     The parties will use their best efforts to appropriately designate, documents, or information as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", "OUTSIDE COUNSEL RESTRICTED", and "SUBJECT TO PROSECUTION BAR".  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL Material, ATTORNEYS' EYES ONLY Material, or OUTSIDE COUNSEL RESTRICTED Material and SUBJECT TO PROSECUTION BAR Material have been improperly designated.  A Receiving Party may at any time request that the Producing Party (or, if not the same person or entity, the Designating Party) cancel or modify the confidentiality designation with respect to any document or information contained therein, subject to the procedure in Paragraph 43.

43.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED" and "SUBJECT TO PROSECUTION BAR" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party (and, if not the same person or entity, the Designating Party), and shall particularly identify by Bates number and set forth for each such document the specific reason the Receiving Party believes the designation is improper for the document that the Receiving

Party contends should be designated differently.  The parties shall use their best efforts to promptly resolve such disputes by formally holding a meet and confer by telephone (voice mail messages are insufficient) or in person.  If the parties cannot reach agreement, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED" and if applicable, "SUBJECT TO PROSECUTION BAR" designation.  In any dispute raised with this Court, the Producing Party making the designation shall bear the burden of showing that the challenged designation was appropriate.

**N.     Protected Material Subpoenaed or Ordered Produced In Other Litigation**

44.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED", the Receiving Party must promptly notify the Designating Party in writing (by fax and/or email), before any compliance under such subpoena or Court order is required.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the Material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must promptly deliver a copy of this Protective Order to the Party in the other action that caused the subpoena or order to issue.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.     Unauthorized Disclosure Of Designated Material**

45.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Designated Material to any person or in any circumstance not authorized under this Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

Bound" that is attached hereto as Exhibit A.

### P.     Non-Party Use of this Protective Order

46.     A non-party producing information or Material voluntarily or pursuant to a

subpoena or a court order may designate such Material or information in the same manner and

shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

47.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL"

Material, "ATTORNEYS' EYES ONLY" Material, or "OUTSIDE COUNSEL RESTRICTED"

Material does not entitle that nonparty access to "CONFIDENTIAL" Material, "ATTORNEYS'

EYES ONLY" Material, or "OUTSIDE COUNSEL RESTRICTED" Material produced by any

Party in this case.

### Q.     Discovery from Outside Consultants

48.     Testifying experts shall not be subject to discovery of any draft of his or her

report in this case or other cases, and such draft reports, notes or outlines for draft reports are

also exempt from discovery.

49.     Discovery of Materials provided to testifying experts shall be limited to those

materials, facts, consulting expert opinions, and other matters actually relied upon by the

testifying expert in forming his or her final report, trial or deposition testimony or any opinion in

this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

50.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

51.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

### R.     Duration

52.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### S.     Final Disposition

53.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.

54.     Notwithstanding Paragraph 53, Counsel of Record may retain an archival copy of all pleadings, motion papers, any documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material.  Counsel of Record may also retain an archival copy of deposition transcripts (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), even if such materials contain Designated Material.

55.     Each Defendant may retain an archived copy of all pleadings, motion papers, expert reports (including exhibits), deposition transcripts (including exhibits) of its own current and former employees and experts, documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, discovery requests and responses or attorney work product, but only to the extent that such materials do not contain any Designated Material of another Defendant or such Designated Material has been redacted.

56.     Any archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section R (Duration), above.

### T.     Miscellaneous

57.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing voluntarily and explicitly agreeing to such waiver signed by the Counsel of Record for the Party against whom such waiver will be effective.

58.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not

addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground

to the use in evidence of any of the Material covered by this Protective Order.  The Court shall

take appropriate measures to protect Designated Material at trial and any hearing in this case.

59.     This Order shall not diminish any existing obligation or right with respect to

Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in

writing before the disclosure takes place.

60.     The United States District Court for the Eastern District of Texas, Marshall

Division, is responsible for the interpretation and enforcement of this protective order.  All

disputes concerning Designated Material produced under the protection of this Protective Order

shall be resolved by the United States District Court for the Eastern District of Texas, Marshall

Division.  Every individual who receives any Designated Material agrees to subject himself or

herself to the jurisdiction of this Court for the purpose of any proceedings related to performance

under, compliance with, or violation of this Order.

SIGNED this  8th  day of June, 2010.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in the matter of Microlinc, LLC v. Intel Corp., *et al.*, Civil Action No. 2:07-CV-488 (TJW) in the United States District Court for the Eastern District of Texas, Marshall Division, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.      I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

30

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of
_____ am
not an employee of the Party who retained me., or of a competitor of a Party in this action.  If at
any time after I execute this Certificate of Consultant and during the pendency of the Action I
become an employee of a Party or a competitor of a Party, I will promptly inform the counsel for
the Party who retained me in the Action, and I will not thereafter review any Designated
Materials marked by any Party as "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL
RESTRICTED" unless and until the Parties agree or the Court orders otherwise.  Nothing in the
foregoing precludes a Designating Party from sharing its own Designated Materials with its
consultants or employees.

I state under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]

**EXHIBIT C**

**LITIGATION MANAGER ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.      I reside at _____;

2.      My present employer is _____;

3.      I am a Litigation Manager;

4.      I agree to keep confidential all information provided to me in the matter of Microlinc, LLC v. Intel Corp., *et al.*, Civil Action No. 2:07-CV-488 (TJW) in the United States District Court for the Eastern District of Texas, Marshall Division, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.      I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]