IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICROLINC, LLC,<br> *Plaintiff*,<br><br>v.<br><br>INTEL CORPORATION *et al.*,<br> *Defendants*. | § § § § § § § § § § § | Civil Action No. 2:07-CV-488 TJW<br><br>JURY DEMAND |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Stay in Light of Final Rejection of All Claims of the Patent-in-Suit (the "Motion"). (Dkt. No. 314.) The Motion is submitted on behalf of all Defendants. Defendants ask this Court to stay this litigation pending the reexamination proceedings before the United States Patent and Trademark Office ("PTO") in light of a "final rejection" on May 26, 2010 of all the claims in the patent-in-suit, U.S. Patent No. 6,009,488 (filed Nov. 7, 1997) (the '488 patent). Plaintiff Microlinc, LLC, ("Microlinc") opposes this motion. The Court GRANTS the Motion for the reasons expressed below.

**I. Background**

Microlinc originally sued many of the same defendants in this case on November 10, 2005 in this Court, but Microlinc voluntarily dismissed the action in order to have the '488 patent reexamined by the PTO in view of newly uncovered prior art. Microlinc then filed the present lawsuit on November 7, 2007. (Dkt. No. 1.) The Court then granted a stay pending reexamination in this case, (Dkt. No. 154), and that reexamination ultimately resulted in the PTO

issuing a Reexamination Certificate for the '488 patent in February of 2009. On August 14, 2009, the Court lifted the stay in spite of a still pending reexamination at the PTO which was initiated by a reexamination request by Intel, one of the defendants in this case. (Dkt. No. 201.) Nearly a month later, the PTO issued an initial rejection of all of Microlinc's reissued claims. *See* Sept. 11, 2009 Office Action, at 1, attached as Ex. 7 to Defendants' Br., Dkt. No. 314. And on May 26, 2010, the PTO issued a final rejection in the reexamination proceeding of all the claims of the '488 patent. Therefore, as of now, all currently asserted claims in this litigation stand finally rejected by the PTO.

Microlinc correctly points out that the reexamination proceeding is not technically over with the "final rejection," as Microlinc is continuing the reexamination with a submission under 37 C.F.R. § 1.116 and will potentially seek an appeal if unsuccessful. But Microlinc's response to the final rejection amends five claims and then adds twenty-five new claims. *See* July 26, 2010 Response to Office Action of May 26, 2010, attached as Ex. C to Microlinc's Resp., Dkt. No. 345. Meanwhile, the case is presently set to have a claim construction hearing on October 15, 2010, which is less than a month away, and the present briefing for claim construction does not reflect Microlinc's potential amended claims or the potential twenty-five new claims. Further, trial is set for April 4, 2011.

## II.   Discussion

The Court has discretion to stay a case pending reexamination proceedings. In determining whether to grant a stay, the Court considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether

discovery is complete and whether a trial date has been established. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ. No. 2:04-CV-32-TJW, 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008) (Ward, J).

Under the first factor, a stay in this case would not unduly prejudice Microlinc or present a clear tactical advantage to Defendants. While Microlinc may argue a stay will unduly prejudice Microlinc because Defendants "can continue to use Microlinc's technology without consequence," (Dkt. No. 345, at 5), it has made no showing of how this harms Microlinc. Instead, since Microlinc does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during a stay. *See, e.g.*, *Gioello Enters. Ltd. v. Mattel, Inc.*, Civ. No. 99-375 GMS, 2001 WL 125340, at *2 (D. Del. Jan 29, 2001). And while this Court certainly believes in a patentee's right to expedient enforcement of its patent rights, it is in fact Microlinc that is delaying the enforcement in this case. Microlinc originally sued many of the same defendants in this lawsuit for infringement of the '488 patent but then voluntarily dismissed the case for reexamination that Microlinc itself initiated. Microlinc then recommenced its infringement action a whole two years later. And at the present time Microlinc seeks to further drag out the reexamination proceeding by filing twenty-five new claims. Thus, it is Microlinc that is delaying enforcement in this case. Finally, Microlinc expresses concern that since Intel has made multiple reexamination filings that it could continue to keep the '488 patent in reexamination proceedings and the action could take years to complete—thus prejudicing Microlinc. But Microlinc need not be so concerned. This Court chiefly finds that a stay is

warranted in this case because Microlinc itself has amended many claims and asserted twenty-five new claims in reexamination. When the PTO takes action on these new claims this Court will consider lifting the stay. Or, alternatively, since Microlinc's amendments are minor, if Microlinc were to stipulate that it would not assert any of the twenty-five new claims against Defendants, then the Court would allow the case to proceed. But this Court will not waste time and resources conducting a *Markman* hearing and trial whenever twenty-five new claims are pending, which could result in another *Markman* and another trial on the same patent for the same Defendants. Therefore, the Court finds that a stay in this case would not unduly prejudice Microlinc or present a clear tactical advantage to Defendants.

The Court finds that the second factor most strongly points in favor of granting a stay. Granting a stay will simplify the issues in question and the trial of this case; or rather, not granting a stay risks complicating the issues and trial of this case. Microlinc seeks to add twenty-five new claims during its most recent action in the reexamination proceeding and seeks to amend five of its other claims. Meanwhile, this Court is set for claim construction on the thirteen claims from the 2009 Reexamination Certificate, five of which Microlinc currently seeks to amend in reexamination. If any of the twenty-five new claims or amended claims survive reexamination, then the Court's effort in construing the old claims may be futile. Further, if this case proceeds to trial on those thirteen claims and the reexamination results in new or amended claims, then this Court may have to proceed in another trial. Alternatively, if all of the claims in the '488 patent remain rejected as they currently stand with the PTO, then this case would be greatly simplified because it would result in effective invalidity of the patent and the suit will likely be dismissed. Therefore, the second factor strongly points in favor of granting a stay pending further action by

the PTO in the reexamination proceeding.

Finally, regarding the third factor, while discovery is nearly complete and a trial date has been set, the Court finds that a stay should still be granted.  Discovery is set to close in January 2011, so while much of discovery has been accomplished, discovery is not complete.  And while a trial date has been set for April 4, 2001, that is still eight months away.  To the extent this factor points in favor of denying a request to stay, the first two factors strongly point towards granting a stay and outweigh this factor.

### III.  Conclusion

Thus, the benefits of a stay outweigh the inherent costs of a stay based on the factors outlined above.  Barring a stipulation from Microlinc that it will not assert any of its proposed twenty-five new claims against the defendants in this case, this Court stays this case pending further action by the PTO in the current reexamination proceeding.  For these reasons, the Court GRANTS the Motion.

It is so ORDERED.

SIGNED this 20th day of September, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE